IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| **LARRY LANDRY** | § | |
| | § | |
| v. | § | 1:13-CV-424 |
| | § | |
| **TEXAS YOUTH COMMISSION, and** | § | |
| **ROLAND G. WELLS** | § | |

**MEMORANDUM AND ORDER GRANTING DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT (DOC. NO. 25.)**

Pending before the court is a "Motion for Summary Judgment"[1] filed by the Defendants Texas Youth Commission ("TYC") and Roland G. Wells ("Wells"). The Plaintiff, Larry Landry, ("Landry"), proceeding *pro se* and *in forma pauperis*, has filed a response. (Doc. No. 27.) Because Landry failed to properly exhaust his Title VII claims, and this court does not have jurisdiction over his pendent state law claims, the Defendants' motion for summary judgment is granted.

In his amended complaint,[2] Landry alleges he began working with the TYC as a juvenile correctional officer on April 15, 2010. (Doc. No. 24.) In October of 2010, he received several complaints that he had mistreated youth that were subsequently investigated by Wells, an investigator with the Office of Inspector General ("OIG"). (Id.) The OIG referred their investigation for criminal prosecution to proper authorities, and Landry was later indicted by a Grand Jury. On November 19, 2010, the TYC terminated Landry based upon these allegations. Ultimately, Landry was tried on these charges and acquitted on June 29, 2011. (Id.)

---

1. The motion was originally filed as "Defendants' Response to Plaintiff's Motion to Sue or, in the alternative, Defendants' Motion to Dismiss Plaintiff's Amended Complaint." (Doc. No. 12.) The court subsequently converted this motion to a traditional motion for summary judgment. (Doc. Nos. 23, 25); FED. R. CIV. P. 12(d).

2. After his initial complaint was met with a "Motion to Dismiss" by the Defendants, Landry filed a "Motion to Sue" alleging additional claims against the Defendants. The court construed his "Motion to Sue" as an amended complaint. (Doc. No. 23.)

Landry, an African American, claims he was discriminated against because of his race in violation of Title VII of the Civil Rights Act of 1964, "inasmuch as he was subjected to bias by Caucasian investigators in that proper policy and procedures were not followed in investigating allegations against him." (Id.) Specifically, Landry claims the TYC should have placed him on suspension pending the outcome of the criminal trial and should have decided to terminate him only after the jury's verdict was returned. He also claims that Wells conducted an improper investigation because he is biased towards African Americans. Landry seeks damages for loss of employment, as well as emotional damages he experienced due to the news reports of these allegations that he claims defamed his character.

In light of Landry's *pro se* status, the court will liberally construe his pleadings to his benefit. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Perez v. United States, 312 F.3d 191, 194 (5th Cir. 2002). In addition to the aforementioned Title VII claims, Landry also alleges claims pursuant to "Federal Rules of Civil Procedure 101.025(A)(B) and 106.001(A)(6)." The Federal Rules of Civil Procedure do not contain those two provisions. However, the text Plaintiff included in his amended complaint is from the Texas Civil Practices and Remedies Code provisions of the same numeric designation. Section 101.025 of the Texas Civil Practice and Remedies Code waives sovereign immunity to the extent of the liability created by the Texas Tort Claims Act. Section 106.001 of the Texas Civil Practice and Remedies Code creates a discrimination cause of action against officers of the state. Because diversity jurisdiction does not exist, the court will treat these separate claims—as did the Defendants—as pendent state law claims. (See Doc. No. 25, n. 5.)

## II. Jurisdiction/Venue

This court has subject matter jurisdiction over Landry's Title VII claims predicated upon federal question jurisdiction. See 42 U.S.C. § 2000e-5(f)(3). The court also possesses supplemental jurisdiction over Landry's state law claims that form part of the same case or controversy. 28 U.S.C. § 1367. Venue is proper because events giving rise to the above claims occurred within the confines of this district.

## III. Summary Judgment Standard

Summary judgment shall be rendered when the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); accord United States ex rel. Jamison v. McKesson Corp., 649 F.3d 322, 326 (5th Cir. 2011). A dispute is genuine if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is material when it is relevant or necessary to the ultimate conclusion of the case. The movant has the burden to identify "each claim or defense – or the part of each claim or defense – on which summary judgment is sought." FED. R. CIV. P. 56(a). "If the dispositive issue is one on which the non-moving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim." Norwegian Bulk Transp. A/S v. Int'l Marine Terminals P'ship, 520 F.3d 409, 412 (5th Cir. 2008) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986)). The movant must support its assertion by "citing to particular parts or materials in the record, . . . showing that the materials cited do not establish the . . . presence of a genuine dispute, or [showing] that the adverse party cannot produce admissible evidence to support the

fact." FED. R. CIV. P. 56(c)(1). The citations to the summary judgment evidence should be specific. See Smith v. United States, 391 F.3d 621, 625 (5th Cir. 2004). Summary judgment must be denied when the movant fails to meet its initial burden, regardless of the nonmovant's response. Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994).

If the movant satisfies its burden, the burden then shifts to the nonmoving party to show that specific facts exist over which there is a genuine dispute. Id. (citing Celotex, 477 U.S. at 325). Like the movant, the nonmovant must satisfy its burden through specific citations to the summary judgment evidence. See FED. R. CIV. P. 56(c)(1); Smith, 391 F.3d at 625. "If somewhere in the record there is evidence that might show a dispute of material fact, the district court needs to be pointed to that evidence as opposed to having to engage in an extensive search." Hernandez v. Yellow Transp., Inc., 670 F.3d 644, 651 (5th Cir. 2012). "Conclusory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy the nonmovant's burden . . . ." Ramsey v. Henderson, 286 F.3d 264, 269 (5th Cir. 2002) (quoting Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1429 (5th Cir. 1996)) (internal quotations omitted). "[T]he court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." Reeves v. Sanderson Plumbing Prods., 530 U.S. 133, 150 (2000).

### IV. Analysis

A. Title VII Claims

The Defendants move to dismiss Landry's Title VII claims because he failed to timely file his complaint with the EEOC within 300 days of the adverse employment action. (Doc. No. 25, pp. 4–5.) Landry claims that he was told by an EEOC investigator that his untimely filing "was

voided," however he "would [still] receive a [right to sue] letter." (Doc. No. 27.) Landry asserts that failing to file his lawsuit within the ninety day period of the receipt of his right to sue letter was an "over site [sic] by incompetence," and states that filing his suit on June 25, 2013, was "within the statute of limitations for due process." (Id.)

An individual claiming discrimination in violation of Title VII must file a charge of discrimination with the EEOC within 180 days after the alleged unlawful employment practice occurred, or within 300 days if the claimant initially files with a state or local agency with authority to grant or seek relief from such practice. E.E.O.C. v. WC&M Enters., Inc., 496 F.3d 393, 398 (5th Cir. 2007); 42 U.S.C. § 2000e-5(e)(1). Because of a worksharing agreement between Texas Workforce Commission Civil Rights Division ("TWC") and the EEOC, Landry's charge was due within 300 days, or by September 15, 2011. See Griffin v. City of Dall., 26 F.3d 610, 612 (5th Cir. 1994). The period begins to run once the plaintiff knows or should have known of the unlawful employment action. Hull v. Emerson Motors/Nide, 532 F. App'x 586, 587 (5th Cir. 2013) (citing Phillips v. Leggett & Platt, Inc., 658 F.3d 452, 455 (5th Cir. 2011)). The filing of a timely EEOC charge is a statutory prerequisite to filing a Title VII suit. WC& M Enters, Inc., 496 F.3d at 398 (citing Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 109 (2002)). Generally, when an employment discrimination charge is untimely filed with the EEOC or designated state agency, a suit based upon the untimely charge should be dismissed. Barrow v. New Orleans S.S. Ass'n, 932 F.2d 473, 476–77 (5th Cir. 1991).

In the instant case, Landry claims he was unlawfully terminated from the TYC on November 19, 2010. (Doc. No. 24.) Charges are considered filed with the EEOC upon receipt. 29 C.F.R. § 1601.13 (2014). The EEOC received Landry's charge on November 18, 2011—64

days after the 300 day deadline. (Doc. No. 25-1, p. 2.) As such, Landry's EEOC charge was untimely.

Nevertheless, filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court. Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982). Instead, filing a timely charge of discrimination is a requirement that is subject to waiver and equitable tolling.³ Id. Here, waiver is not at issue because the Defendants are using the untimely filing to dismiss the suit. The EEOC also invoked the 300 day rule as a basis for dismissing their case and closing the file. (Doc. No. 25-1, p. 6.) Thus, equitable tolling is the only other basis to excuse the delay.

Equitable tolling is to "be applied sparingly" and only in "exceptional cases." Manning v. Chevron Chem. Co., LLC, 332 F.3d 874, 880 (5th Cir. 2003), cert. denied, 540 U.S. 1107 (2004), (quoting Morgan, 536 U.S. at 113); Hull, 532 F. App'x at 588. Equitable tolling usually applies in three circumstances: (1) a pending action between the parties in the incorrect forum; (2) the claimant's unawareness of facts supporting his claim because the defendant intentionally concealed them; and (3) the EEOC misleading the claimant about his rights. Manning, 332 F.3d at 880. The party who invokes equitable tolling bears the burden of demonstrating that it applies.

Landry does not specifically invoke equitable tolling, but given his *pro se* status, the court will independently review the record to see if it would apply. Equitable tolling is appropriate in the rare case when the parties have been litigating an action in state court, but later discover that

---

3. The Zipes court also mentions estoppel as a basis for excusing an untimely filing. 455 U.S. at 393. Yet, most courts have placed "equitable" estoppel within the category of equitable tolling. Compare Rhodes v. Guiberson Oil Tools Div., 927 F.2d 876, 879 (5th Cir. 1991) (explaining the difference between equitable estoppel and equitable tolling), with Manning v. Chevron Chem. Co., LLC, 332 F.3d 874, 880 (5th Cir. 2003), cert. denied, 540 U.S. 1107 (2004) (seemingly merging the two concepts into the equitable tolling rubric.)

they chose the wrong forum under state law. Id. (citing Chappell v. Emco Mach. Works Co., 601 F.2d 1295, 1302 (1979)). First, Landry litigated his criminal case in state court, which presumably was the reason for his termination. However, that case did not concern the same employment discrimination allegations, the same parties, and it was the correct forum in which to litigate the criminal case. Second, there is nothing in the record to indicate the Defendants intentionally concealed facts supporting Landry's claim. According to his amended complaint, Landry knew exactly why he was terminated from TYC on November 19, 2010—his indictment by the Grand Jury based upon the OIG's investigation, which he alleges was biased because he is African American. Finally, there is no indication in the record that the EEOC misled Landry about his rights or prevented him from filing his charge within the 300-day period. The EEOC Intake Questionnaire clearly states at the top of the page that "a charge of employment discrimination must be filed within the time limits imposed by law, within 180 days or in some places within 300 days of the alleged discrimination." (Doc. No. 25-1, p 10.) In response to the Defendant's motion for summary judgment, Landry admits that he was told by EEOC investigator Elaine White "that my untimely filing of 300 days was voided." (Doc. No. 27.)

In conclusion, Landry did not timely file his EEOC charge[4], a prerequisite to suit, and neither waiver nor equitable estoppel provides a basis to excuse this requirement. As such, Landry's Title VII claims should be dismissed.[5]

---

4. Had Landry brought his discrimination claims pursuant to 42 U.S.C. §§ 1981 or 1983, which do not contain an exhaustion requirement, such claims would still be barred by Texas's two-year statute of limitations. Jones v. Alcoa, Inc., 339 F.3d 359, 364 (5th Cir. 2003) (§ 1981 claims); Price v. City of San Antonio, Tex., 431 F.3d 890, 892 (5th Cir. 2005) (§ 1983 claims).

5. It also appears—and Landry admits—that he did not file suit within ninety days, as required by statute, of receiving his right to sue notice. (Doc. No. 25-1, p. 6; Doc. No. 27.); see also 42 U.S.C. § 2000e-5(e)(1) & (f)(1); Price v. Choctaw Glove & Safety Co., Inc., 459 F.3d 595, 598 (5th Cir. 2006). However, because it was not raised by Defendants, the court presumes they have waived this argument.

### B. Texas Civil Practice and Remedies Code §§ 101.025 and 106.001 claims

In his amended complaint, Landry "motion[ed] to sue" the Defendants pursuant to TEX. CIV. PRAC. & REM. CODE § 101.025. For this claim, Landry asserts that the basis for his termination was unfounded and that the TYC acted contrary to their policies and procedures. He alleges that he was acquitted at trial for the allegations that were used to terminate his employment with TYC. Landry states he should not have been fired, but rather placed on suspension pending the final outcome of the criminal trial. Landry claims the Defendants acted unfairly and should be held accountable for the loss of his job, his time of unemployment afterward, and the emotional damages he experienced due to the news reports of the allegations that defamed his character.

Landry also "motion[ed] to sue" the Defendants under TEX. CIV. PRAC. & REM. CODE § 106.001. For this claim, Landry alleges that Wells acted with "ill-intent" in his investigation due to his racial issues and history of discrimination against African Americans. Landry also claims that Wells's investigation was biased because of his racial animus, which led to his termination with the TYC.

The Defendants moved for a 12(b)(1) dismissal (later converted to a motion for summary judgment) because Chapter 106 of the Texas Civil Practice and Remedies Code does not apply to employment discrimination claims. (Doc. No. 25, p. 7.) The Defendants also claim this court lacks subject-matter jurisdiction because both TYC and Wells have sovereign immunity from suit. (Id.) Landry did not respond to these arguments.

The Defendants are correct that Chapter 106 of the Texas Civil Practice and Remedies Code does not comprehend employment discrimination claims. Univ. of Tex. v. Poindexter, 306 S.W.3d 798, 812 (Tex. App.—Austin 2009, no pet.) When the Texas legislature enacted the

Texas Commission on Human Rights Act ("TCHRA") in 1983, it simultaneously repealed the employment discrimination language in Chapter 106's predecessor and moved that language into TCHRA.  Id.  The relevant portions of the TCHRA are now found within chapter 21 of the Texas Labor Code.  Id. at 813 n. 12.  Because Landry is proceeding *pro se*, the court will now liberally construe his complaint to determine whether Landry's Chapter 21 claims can withstand the Defendants' motion to dismiss.

      a. *Immunity from suit*

The Defendants argue this court lacks subject-matter jurisdiction over Landry's Chapter 106 (construed as Chapter 21) claims because the TYC, as a state agency, enjoys sovereign immunity from suit. (Doc. No. 25, p. 6.)  The Defendants also argue that Wells, who they believe was sued in his official capacity, similarly enjoys the protections of sovereign immunity to the same extent it is available to the TYC.[6]  The Defendants' conclusion is correct, but for the wrong reasons.  The Defendants are immune from suit based upon the Eleventh Amendment, not because of state sovereign immunity.

Unless waived, sovereign immunity shields Texas and its agencies from suit.  See e.g., United Carolina Bank v. Bd. of Regents of Stephen F. Austin State Univ., 665 F.2d 553, 558 (Tex. 1982); Garcia v. Tex. Youth Comm'n, No. 96-50461, 1997 WL 304407, at *1 (5th Cir. 1997).

---

6. Landry failed to specify whether the above claims are brought against Wells in his official capacity, individual capacity, or both. In such instance, a court may examine the complaint and the course of proceedings to determine the capacity in which suit is brought. Dillon v. Jefferson Cnty. Sheriff's Dept., 973 F. Supp. 628, 631 (E.D. Tex. 1997); see Kentucky v. Graham, 473 U.S. 159, 167 n.14 (1985) (noting that, when the complaint does not specify the nature of the action, the course of proceedings will typically provide insight); United States ex rel. Adrian v. Regents of Univ. of Cal., 363 F.3d 398, 402–03 (5th Cir. 2004) (looking to the course of proceedings to determine whether the defendants were named in their official capacities only).  Here, Landry alleges Title VII and Chapter 21 claims against Wells.  "Individuals are not liable under Title VII in either their individual or official capacities." Ackel v. National Comm'cs, Inc., 339 F.3d 376, 382 n.1 (5th Cir. 2003) (citation omitted).  Moreover, Wells does not meet the definition of an "employer" under Chapter 21.  TEX. LABOR CODE § 21.002(8).  As such, the court will not analyze the liability of Wells in his individual capacity.  Any claims against Wells in his official capacity are treated as a suit against the TYC.  Kentucky v. Graham, 473 U.S. at 166.

Chapter 21 of the Texas Labor Code, however, waives immunity for entities it defines as "employers," which include "a county, municipality, state agency, or state instrumentality." See Tex. Lab. Code § 21.002(8). Thus, "the law is settled that the TCHRA clearly and unambiguously waives governmental immunity for the governmental entities that are statutorily defined as employers." See Dall./Fort Worth Int'l Airport Bd. v. Funderburk, 188 S.W.3d 233, 235 (Tex. App.—Fort Worth 2006, pet. granted, judm't vacated w.r.m.) (collecting cases). Because the TYC is a state agency, sovereign immunity has been waived for claims under the TCHRA.

While the TYC may not avail itself of the protections of sovereign immunity in *state* court, in federal court, the TYC is immune from suit under the Eleventh Amendment. "In general, the Eleventh Amendment bars all persons from suing a State for money damages in federal court." Ussery v. State of La. On Behalf of La. Dep't of Health and Hosps., 150 F.3d 431, 434 (5th Cir. 1998) (citing Seminole Tribe v. Florida, 517 U.S. 44, 54 (1996)). Texas's waiver of sovereign immunity in its own courts is not a waiver of its Eleventh Amendment immunity in federal courts. Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 238 (1985). Eleventh Amendment immunity applies to Landry's pendent state law discrimination claims. See Hernandez v. Tex. Dep't of Human Servs., 91 F. App'x 934, 935 (5th Cir. 2004) (citations omitted). The TCHRA does not waive Texas's Eleventh Amendment immunity against Landry's Texas Labor Code violations in federal court. Perez v. Region 20 Educ. Serv. Ctr., 307 F.3d 318, 332 (5th Cir. 2002). Therefore, this court is barred from exercising jurisdiction over his TCHRA claims.[7]

---

7. The Eleventh Amendment did not bar Landry's Title VII claims in federal court because Congress expressly abrogated Eleventh Amendment immunity for Title VII claims. Ussery, 150 F.3d at 435.

The court realizes the Defendants failed to explicitly raise the Eleventh Amendment as grounds to dismiss this suit. However, the Eleventh Amendment deprives this court of subject matter jurisdiction of the state law claims. United States v. Tex. Tech Univ., 171 F.3d 279, 286 n.9 (5th Cir. 1999) (collecting cases). The objection that a federal court lacks subject-matter jurisdiction may be raised by a party, or by a court on its own initiative, at any phase in the litigation. Arbaugh v. Y&H Corp., 546 U.S. 500, 506 (2006). "If the court determines at any time that it lacks subject-matter jurisdiction, *the court must dismiss the action*." FED. R. CIV. P. 12(h)(3). Moreover, a court should not rule on the merits of the case when it determines it does not have subject matter jurisdiction. See Tex. Tech Univ., 171 F.3d at 286–87 ("To rule on a merits question before, or in addition to, answering the omnipresent jurisdictional question would contravene the well-established principle that the federal courts may not issue advisory opinions.") Consequently, the court will not address the Defendants' alternative arguments that the state law claims should be dismissed because they fail to state a claim upon which relief can be granted.

## V. Conclusion

For the reasons stated above, because Landry failed to timely file his charge of discrimination with the EEOC, and the Eleventh Amendment shields the TYC from suit on the pendent state law claims in federal court, the Defendants' motion for summary judgment is GRANTED.

SIGNED this 16th day of October, 2014.

_____
Zack Hawthorn
United States Magistrate Judge